## Case No. 16,739.

### UNITED STATES v. WINCHESTER.

[2 McLean, 135.] [1]

Circuit Court, D. Illinois. June Term, 1840.

PERJURY—OATHS AND FEDERAL LAWS—ADMINISTRATION BY STATE OFFICERS—PAROL EVIDENCE—NOTICE TO PRODUCE DOCUMENT.

1. Where an act of congress requires an oath to be administered, such oath under the usage of the proper department of the government, may be administered by a state officer having power to administer oaths.

2. Parol proof of the contents of a written agreement, cannot be given in evidence, where the contract is in the hands of the opposite party, unless notice be served on the party or his attorney to produce it.

3. The rule of evidence is the same in criminal as in civil cases.

[This was an indictment against L. N. Winchester for perjury.]

Mr. Forman, Pros. Atty., for plaintiffs.
Mr. Spring, for defendant.

McLEAN, Circuit Justice. This is an indictment for swearing falsely in regard to the defendant's right of pre-emption. The indictment sets forth that the defendant swore, before a justice of the peace, who, it is alleged, had full power to administer the oath—"that sometime before the 2nd February, 1838, he entered upon the northwest quarter of section No. 15, town.: 38, north, of range 14, east of the third principal meridian, in his own right and exclusively for his own use and benefit. And that previous to the 22d February, 1838, he, the said Winchester, had built a dwelling house on said land; and that he had not directly or indi-

1 [Reported by Hon. John McLean, Circuit Justice.]

rectly made any agreement or contract in any way or manner, with any person or persons whatsoever, by which the title which he might acquire from the government of the United States should inure to the use of," &c. The act of June 22d, 1838 [5 Stat. 251]. entitled "An act to grant pre-emption rights to settlers on the public lands," provides "that before any person, claiming the benefit of this law, shall have a patent for the land which he may claim by having complied with its provisions, he shall make oath, which, with the certificate of the person administering it, shall be filed with the register of the land office, &c., that he entered upon the land which he claims in his own right and exclusively for his own use and benefit, and that he has not directly nor indirectly made any agreement or contract in any way or manner, with any person or persons whatever, by which the title he might acquire from the government of the United States should inure to the use or benefit of any one except himself, or to convey or transfer the said land or the title which he may acquire to the same, to any other person or persons whatsoever at any subsequent time; and if such person, claiming the benefit of this law, as aforesaid, shall swear falsely in the premises, he shall be subject to all the pains and penalties for perjury," &c. It is objected that the requirement of the law of congress, of the applicant for a pre-emptive right to make oath, does not authorize a justice of the peace, as a state officer, to administer the oath. That to subject the defendant to the penalty of the statute, the oath must be made before some one authorized to administer oaths by the federal government. Before the decision of the case of U. S. v. Bailey, 9 Pet. [34 U. S.] 238, I should have thought this argument forcible, if not conclusive. But under that decision, it seems to me, there can be little or no doubt on the subject. In that case an oath was not specially required by law, but under the usage of the treasury department it was required, and the right to administer it by a justice of the peace was recognized by the department. And this the court held was sufficient to convict the defendant for false swearing under the statute. In the present case the statute requires an oath to be made, and it is not denied, but admitted, that under the instruction of the treasury department this oath was usually administered by a justice of the peace. I cannot, therefore, overrule the evidence of the oath, but it must be received.

In the further progress of the cause it appeared that a contract, in writing, had been entered into by the defendant in regard to this land; the contents of which contract the prosecution offered to prove, with the view of showing the falsity of his oath. To this evidence the defendant's

counsel objected, because the agreement was in writing. The prosecution then showed that the paper had been delivered up to the defendant, and was then in his possession. This was admitted by the defendant's counsel, who alleged they had received no notice to produce the paper, and that it was in fact at Chicago, more than a hundred miles distance from the court. THE COURT held that parol evidence of the contents of the contract could not be given in evidence, unless a reasonable notice to produce it had been served on the defendant or his counsel. The rules of evidence are the same in criminal cases as in civil. The writing in question is the most important evidence in the case. It shows, it is suggested, that the defendant had disposed of the pre-emptive right in question, which contradicts his oath. Now if this agreement be so important, it should be produced; or at least before parol proof of its contents be given, the prosecution should, by a notice, have required the defendant to produce it. And if after a reasonable notice he should fail to bring it into court, he cannot complain that evidence of a secondary nature is received. No case could well be imagined which more forcibly shows the wisdom and safety of the rule, as to the admission of secondary evidence, than the one under consideration. We are clearly of the opinion that the evidence offered is inadmissible. 1 Phil. Ev. 389; 2 Term R. 201, note; 1 Term R. 203, note; 2 Starkie, Ev. 357; 3 Term R. 306; Leach, 214.

The jury, on this evidence being rejected, found a verdict for the defendant.